[Cite as *First Horizon Home Loans v. White*, 2011-Ohio-1982.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

FIRST HORIZON HOME LOANS, A : 
DIVISION OF FIRST TENNESSEE :    Appellate Case No. 24244
BANK NATIONAL ASSOCIATION :
SUCCESSOR BY MERGER TO FIRST :    Trial Court Case No. 2010-CV-04513
HORIZON HOME LOAN :
CORPORATION :
                                        :
      Plaintiff-Appellee :    (Civil Appeal from
                                        :     Common Pleas Court)
v. :
                                          :
TERESA D. WHITE, et al. :
                                          :
      Defendant-Appellant : 
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2011.

. . . . . . . . . . .

ELIZABETH S. FULLER, Atty. Reg. #0081032, Lerner, Sampson & Rothfuss, LPA, 120 East Fourth Street, 8th Floor, Cincinnati, Ohio 45202
      Attorney for Plaintiff-Appellee

TERESA D. WHITE, 1742 Suman Avenue, Dayton, Ohio 45403
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

BROGAN, J.

{¶ 1} Teresa White appeals from the judgment of the Montgomery County Common

Pleas Court in favor of First Horizon Home Loans (hereinafter "First Horizon").

{¶ 2}   In June 2010, First Horizon filed a complaint in foreclosure alleging that White had   defaulted in the payment of a promissory note which she executed on March 17, 2004 in the amount of $45,400 to First Horizon.   First Horizon alleged White was in default for non-payment as of December 1, 2009, and in accordance with the terms of the note she owed First Horizon $41,645.63 together with interest due thereon.

{¶ 3}   The complaint alleged that White was immune from personal liability on the note by virtue of her taking bankruptcy.   The plaintiff alleged in a separate count that White executed a mortgage on the real estate located at 1742 Suman Avenue to secure the promissory note and that it was the first lien holder upon the real estate.   First Horizon named a John Doe defendant as current spouse of White in the event she was presently married.   The plaintiff also named as defendants the State of Ohio Department of Taxation and Greenville National Bank who allegedly had recorded judgment liens against White.

{¶ 4}   In its prayer for relief, First Horizon requested that the court adjudge it as first lien holder on the subject property, that the mortgage be foreclosed and the property sold so it could be paid the amount due from White.   The plaintiff was not seeking a personal judgment against White for any deficiency that might result from the sale of the property.

{¶ 5}   On June 28, 2010, White moved the court to extend the time for answer.   She requested 28 additional days to answer because she said she was seeking an attorney to assist her in contesting the foreclosure.   On July 1, 2010, the trial court granted White an additional 30 days to answer the complaint.

{¶ 6}   On July 19, 2010, the Department of Taxation answered the complaint and disclaimed any interest in the litigation.   When neither Greenville National Bank nor White

answered the complaint in a timely manner, First Horizon moved on August 2, 2010 for a default judgment. Counsel for First Horizon certified that she served White and the Greenville Bank with the motion.

{¶ 7} On August 9, 2011, the trial court granted First Horizon's default motion. The court found that White was in default for failing to answer the complaint, and no service was obtained on the alleged John Doe. The court found the allegations in the complaint to be true and ordered that the interest of the defendants in the property be foreclosed and the real estate sold.

{¶ 8} On September 1, 2010, White appealed the judgment entered by the trial court. In her appellate brief, Ms. White contends the trial court's judgment should be overturned because the plaintiff's complaint included a John Doe defendant alleged to be her husband. She states that she has never married. Also, she argues that she does not owe the Department of Taxation any money and the judgment lien mentioned in the complaint is for Teresa A. White, not Theresa D. White. Lastly, she alleges in her brief that she entered into an agreement on July 19, 2010 with First Horizon to begin a repayment plan for the amount in arrears on the note. She alleges that this agreement was to have ended the foreclosure proceedings. She included a copy of the agreement and a copy of the cashier's check sent to First Horizon.

{¶ 9} For its part First Horizon argues that White was not prejudiced by the naming of a John Doe defendant and the Ohio Department of Taxation. We agree. The John Doe defendant was named in the event White was married so that her husband's (if she was married) dower interest could be foreclosed in the litigation. See *Huntington Nat'l Bank v.*

*Ross* (1998), 130 Ohio App.3d 687. The Department of Taxation answered and disclaimed any interest in the legal proceedings.

{¶ 10} First Horizon argues that the trial court properly granted its default motion because the alleged Forbearance Agreement was unexecuted and was not presented to the trial court before the default judgment was entered.

{¶ 11} We agree with appellee that we may only consider what was presented to the trial court. It is the actions of the trial court we are reviewing. If First Horizon agreed to forbear pursuing the foreclosure action upon receipt of a signed agreement and two-thousand dollars from White, she may be entitled to relief under Civ.R. 60(B). If White did not answer the complaint because of the alleged agreement, this may be excusable neglect under the Rule. Ms. White, of course, would still have to demonstrate she has a meritorious defense to the foreclosure action to present. *Antonopoulos v. Eisner* (1972), 30 Ohio App.2d 187.

{¶ 12} However, based on the record before us the appellant's assignments of error have no merit. The judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Elizabeth S. Fuller
Teresa D. White
Hon. Gregory F. Singer